# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **James E. Lawler**, | Bankruptcy No. 14-45614 |
| Debtor. | Honorable Bruce W. Black |

## COVER SHEET FOR FIRST AND FINAL FEE APPLICATION OF FACTORLAW FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

Name of Applicant: <u>Law Offices of William J. Factor, Ltd.</u>

Authorized to Provide
Professional Services to: <u>Joji Takada, Chapter 7 Trustee for the estate of James E. Lawler</u>

Period for Which
Compensation is Sought: <u>February 13, 2015 – November 11, 2016</u>

Amount of Fees Sought: <u>$8,000.00</u>

Amount of Expense
Reimbursement Sought: <u>$256.06</u>

This is a: <u>First and Final Application</u>

The aggregate amount of fees and expenses *paid* to the Applicant to date for services rendered and expenses incurred herein is: $<u>    0.00    </u>.

{00075450 2}

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| In re: | Chapter 7 |
| **James E. Lawler**, | Bankruptcy No. 14-45614 |
| Debtor. | Honorable Bruce W. Black |

## NOTICE OF APPLICATION

**Please take notice** that on **Friday, December 16, 2016, at 9:00 a.m.** or as soon thereafter as counsel may be heard, the undersigned attorneys shall appear before the Honorable Bruce W. Black, United States Bankruptcy Judge for the Northern District of Illinois on the 2nd Floor of the Joliet City Hall building located at 150 West Jefferson Street in Joliet, Illinois, and then and there shall present the attached **First and Final Fee Application of FactorLaw** a copy of which is attached hereto and herewith served upon you.

Dated: November 23, 2016                **FactorLaw**

                                        By: */s/ Ariane Holtschlag*
                                        One of its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel:     (312) 878-4830
Fax:    (847) 574-8233
Email:  aholtschlag@wfactorlaw.com

{00075450 2}                            2

## CERTIFICATE OF SERVICE

      I, Ariane Holtschlag, an attorney, hereby certify that on November 23, 2016, pursuant to Section II.B.4 of the Administrative Procedures for the Case Management/Electronic Case Filing System and Fed.R.Civ.P. 5(a), I caused a copy of the foregoing *Notice of Application* and the accompanying *First and Final Fee Application of FactorLaw* be served electronically through the Court's Electronic Notice for Registrants on all persons identified as Registrants on the Service List below and by US Mail on all persons identified on the attached service list.

                                                                       */s/ Ariane Holtschlag*

**Registrants**
(Service via ECF)

| | |
|---|---|
| Chester H. Foster | chf@fosterlegalsvcs.com, dbf@fosterlegalservices.com |
| Patrick S Layng | USTPRegion11.ES.ECF@usdoj.gov |
| Jeffrey K. Paulsen | jpaulsen@wfactorlaw.com, bharlow@wfactorlaw.com;jpaulsen@ecf.inforuptcy.com |
| Vince G. Portlock | vportlock@aol.com, vportlock@aol.com |
| Timothy J Rathbun | trathbun@rcklawfirm.com, lpoorman@rcklawfirm.com |
| Joji Takada | trustee@takadallc.com, jtakada@ecf.epiqsystems.com |
| Zane L Zielinski | trustee@zanezielinski.com, fax@zanezielinski.com |

Service List  
Case 14-45614

First Bank of Manhattan  
550 W. North Street  
Manhattan, IL 60442-8175

American Express  
Po Box 3001  
16 General Warren Blvd  
Malvern, PA 19355-1245

American Express Bank, FSB  
Becket and Lee LLP  
POB 3001  
Malvern, PA 19355-0701

American Express Centurion Bank  
c o Becket and Lee LLP  
POB 3001  
Malvern, PA 19355-0701

American Express Credit Card  
P.O. Box 3001  
Malvern, PA 19355-0701

Brian Beary  
15001 W. 159th Street  
Lockport, IL 60491-7922

Capital 1 Bank  
Attn: General Correspondence  
Po Box 30285  
Salt Lake City, UT 84130-0285

Chase  
Po Box 15298  
Wilmington, DE 19850-5298

Citibank/The Home Depot  
Attn: Bankruptcy  
Po Box 790328  
Saint Louis, MO 63179-0328

Discover Bank  
Discover Products Inc  
PO Box 3025  
New Albany, OH 43054-3025

Discover Fin Svcs Llc  
Po Box 15316  
Wilmington, DE 19850-5316

First Bank of Manhattan  
230 State Street  
Manhattan, IL 60442-9388

First Bank of Manhattan  
c/o Shutts, Shutts & Portlock  
323 Springfield Ave.  
Joliet, IL 60435-8235

GECRB/Lowes  
Attention: Bankruptcy Department  
Po Box 103104  
Roswell, GA 30076-9104

John Kaup  
21627 Schoolhouse Road  
New Lenox, IL 60451-3714

Mark Kaup, Joan Kaup and MJ Ventures, LLC  
c/o Meghan E Preston, Rathbun,  
Cservenyak & Kozol, LLC  
9450 Enterprise Drive  
Mokena, IL 60448-8321

Mark Kaup, Joan Kaup and Ventures, LLC  
c/o Meghan E Preston, Rathbun  
Cservenyak & Kozol, LLC  
9450 Enterprise Drive  
Mokena, IL 60448-8321

Michael Strick  
21242 Prestancia Drive  
Mokena, IL 60448

North Shore Bank Ssb  
2215 S Oneida St  
Green Bay, WI 54304-4711

Old Second National Bank  
19201 S. LaGrange Rd  
Mokena, IL 60448-8368

PayPal Credit  
P.O. Box 105658  
Atlanta, GA 30348-5658

Td Bank USA/TargetCredit  
Po Box 673  
Minneapolis, MN 55440-0673

Tierney Woods, LLC  
600 East Lincoln Hwy.  
New Lenox, IL 60451-1931

Tim Hayes  
14545 W. Wallingford Trail  
Manhattan, IL 60442-9826

James E Lawler  
21234 Prestancia Drive  
Mokena, IL 60448-8400

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| In re: | Chapter 7 |
| **James E. Lawler**, | Bankruptcy No. 14-45614 |
| Debtor. | Honorable Bruce W. Black |

**FACTORLAW'S FIRST AND FINAL APPLICATION FOR**
**COMPENSATION AND REIMBURSEMENT OF EXPENSES**

The Law Office of William J. Factor, Ltd. ("***FactorLaw***"), counsel for Joji Takada, not individually but as the chapter 7 trustee (the "***Trustee***") of the bankruptcy estate (the "***Estate***") of James E. Lawler (the "***Debtor***"), hereby submits its first and final fee application (the "***Application***") pursuant to 11 U.S.C. §§ 330, 331 and 507(a)(1) seeking compensation of **$8,000.00** for legal services performed by FactorLaw during the period of February 13, 2015 through November 11, 2016 (the "***Application Period***") and **$256.06** in expenses incurred in connection with those services. In support of its Application, FactorLaw states as follows:

## JURISDICTION

1. This Court has jurisdiction over this motion pursuant to 28 U.S.C. §§ 157 and 1334, and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. Venue of the above-captioned case (the "***Case***") and of this motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. This matter is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(1) and (b)(2)(A).

{00075450 2} 4

## BACKGROUND

### I. The Bankruptcy Case.

4. On December 23, 2014, (the "**Petition Date**") the Debtor filed a voluntary petition for relief under chapter 7 of title 11, United States Code (the "**Bankruptcy Code**"), thereby initiating the Case.

5. Subsequent to the Petition Date, the Trustee was appointed as the interim case trustee. The Trustee now serves as permanent trustee and is charged with administering all property of the Estate.

6. The Court approved the Trustee's retention of FactorLaw on February 13, 2015.

### II. The Investigation.

7. Prior to filing for bankruptcy, the Debtor had been engaged in a variety of business enterprises. The Debtor claimed that the Great Recession had ruined his businesses. The Debtor's total household income remained high, however, at $550,000 per year. And an initial look at the Debtor's financial history raised many questions, such whether the Debtor had transferred assets to his wife or others.

8. The combination of these factors made this an unusual case that merited further investigation. The Trustee had to determine whether there were any recoverable assets and whether there were grounds for a claim under § 727. FactorLaw received and reviewed numerous documents from the Debtor and conducted an oral examination of the Debtor. FactorLaw reported its findings to the Trustee.

### III. The Transfer.

9. Within two years of the Petition Date, the Debtor transferred (the "**Transfer**") real estate commonly known as 22494 Hannah Drive in Frankfort, Illinois (the "**Property**") to his children (the "**Tranferees**").

10. FactorLaw, on behalf of the Trustee and the Estate, pursued the Transfer as an avoidable transfer pursuant to § 548 of the Bankruptcy Code (the "**Potential Avoidance Action**").

11. The Trustee believed the current value of the Property to be between $25,000 and $30,000 though the Transferees asserted the Property was only worth $20,000 at the time of the Transfer.

12. On September 25, 2016, this Court approved a settlement of the Potential Avoidance Action for $20,000. *See* Dkt. No. 37.

## FEE APPLICATION

### I. Services performed.

13. FactorLaw maintains contemporaneous written records of the time expended by its professionals.

14. Such records for the Case, copies of which are grouped and attached hereto as **Exhibit 1**, set forth in detail: (a) the services rendered by FactorLaw (the "*Services*") on behalf of the Trustee, (b) the dates upon which such Services were rendered; (c) the amount of time spent on the Services; and (d) the professionals who performed the Services.

*A. Summary of Services by professional.*

15. FactorLaw spent a total of 32.8 hours at a cost of $9,535.00 in connection with this Case. FactorLaw has agreed voluntarily to write down its fees to only $8,000.

16. A breakdown of the professionals providing Services is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $250 | 18.3 | $4,575.00 |
| Ariane Holtschlag | Associate | $275 | 2.2 | $605.00 |
| Zane Zielinski | Of Counsel | $350 | 12.3 | $4,410.00 |

{00075450 2}    6

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| | | Totals: | 32.8 | $9,590.00 |

*B. Itemization of fees by category of Services rendered.*

17.  **Case Administration**.  FactorLaw spent 5.1 hours at a cost of $1,330.00 advising the Trustee with respect to issues relating to the administration of this Case, corresponding with creditors and preparing this Application.

18.  A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $250 | 2.9 | $725.00 |
| Ariane Holtschlag | Associate | $275 | 2.2 | $605.00 |
| | | Totals: | 5.1 | $1,330.00 |

19.  **Asset Investigation**.  FactorLaw spent 16.1 hours at a cost of $4,095.00 investigating potential assets and claims belonging to the Estate including the Transfer.

20.  A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Jeffrey Paulsen | Partner | $250 | 15.4 | $3,850.00 |
| Zane Zielinski | Of Counsel | $350 | .7 | $245.00 |
| | | Totals: | 16.1 | $4,095.00 |

21. **Settlement**. FactorLaw spent 11.6 hours at a cost of $4,165.00 negotiating, documenting and obtaining approval for the settlement of the Potential Avoidance Action.

22. A breakdown of the professionals providing Services in this category is as follows:

| Professional | Title | Hourly Rate | Total Hours | Value |
|---|---|---|---|---|
| Zane Zielinski | Of Counsel | $350 | 11.6 | $4,165.00 |
| | | **Totals:** | **11.6** | **$4,165.00** |

## II. Expenses

23. FactorLaw incurred $256.06 in actual and necessary expenses related to this Case. A copy of the expense record is attached hereto as **Exhibit 2**.

24. FactorLaw does not bill its clients or seek compensation in this Application for its overhead expenses. The expenses listed above are actual out of pocket costs advanced by FactorLaw.

## III. FactorLaw's retention was appropriate through the Application Period

25. During the Application Period, no agreement or understanding exists between FactorLaw and any other person for the sharing of compensation received or to be received in connection with this Case.

26. No compensation has been promised to FactorLaw other than as disclosed or approved by this Court. FactorLaw certifies that there is no agreement between the firm and any other party regarding the sharing of fees except with the firm's partners, nor has the firm discussed or negotiated the amount of its fees with any party except the Trustee.

27.  Finally, FactorLaw represents that it is and was through the Application Period a disinterested party and does not hold any relationship adverse to the Estate.

## BASIS FOR THE REQUESTED RELIEF

28.  Under Section 330(a)(1)(A), the Court may award a professional person "reasonable compensation for actual, necessary services rendered[.]" 11 U.S.C. § 330(a)(1)(A). Section 330(a) further provides:

> In determining the amount of reasonable compensation to be awarded, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including—(A) the time spent on such services; (B) the rates charged for such services; (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under [the Bankruptcy Code]; (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and (E) whether the compensation is reasonable, based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

*Id.* § 330(a)(3).

29.  In determining the "extent and value of compensation," the Seventh Circuit endorses the "'lodestar' approach—multiplying the number of actual and necessary hours reasonably expended by a reasonable hourly rate[.]" *In re Wildman*, 72 B.R. 700, 712 (Bankr. N.D. Ill. 1987) (Schmetterer, J.); *accord In re UNR Indus.*, 986 F.2d 207, 210-11 (7th Cir. 1993) (lodestar approach provides fair compensation under Section 330); *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar' figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee[.]").

30.  The Seventh Circuit has mandated that an "attorney's actual billing rate … is considered to be the presumptive market rate." *Small*, 264

F.3d at 707. Moreover, "[t]he lawyer's regular rate is strongly presumed to be the market rate for his or his services." *Moriarty v. Svec*, 233 F.3d 955, 965 (7th Cir. 2000) (emphasis added), cert. denied, 532 U.S. 1066 (2001).

31. Additionally, under generally accepted standards, if the services of an attorney employed under Section 327 are reasonably likely to benefit the estate, they should be compensable. *See Andrews & Kurth LLP v. Family Snacks, Inc. (In re Pro-Snax Distributors, Inc.)*,157 F.3d 414, 421 (5th Cir. 1998); *In re Ames Dep't Stores, Inc.*, 76 F.3d 66, 71 (2d Cir. 1996); 2 Lawrence P. King, Collier on Bankruptcy ¶ 330.04 at 330-43 (15th ed. rev. 1999); *cf.* 11 U.S.C. § 330(a)(4)(A)(ii)(I). In this same context, "[n]ecessary services are those that aid the professional's client in fulfilling its duties under the Code." *In re Ben Franklin Retail Store, Inc.*, 227 B.R. 268, 270 (Bankr. N.D. Ill. 1998) (Barliant, J.).

32. The average hourly billing rate for the professionals who performed the Services—that is, the "lodestar" rate— is $243.90. This average rate is fair and reasonable in light of the services provided and the experience of FactorLaw's professionals. Moreover, the compensation requested by the FactorLaw is reasonable based upon the customary compensation charged by comparably skilled practitioners in either non-bankruptcy or bankruptcy cases.

**WHEREFORE**, FactorLaw respectfully requests that this Court enter an Order:

A. Allowing FactorLaw compensation for actual, necessary legal services in the amount of **$8,000.00**;

B. Authorizing reimbursement of FactorLaw for actual and necessary expenses in the amount of **$256.06**;

C. Authorizing the Trustee to pay FactorLaw the allowed compensation and reimbursement of expenses in the total amount of **$8,256.06**; and

D. Granting such other relief as the Court deems just and equitable.

{00075450 2}                               10

Dated: November 23, 2016 **FactorLaw**

By: */s/ Ariane Holtschlag*
One of Its attorneys

Sara E. Lorber (6229740)
Ariane Holtschlag (6294327)
**FACTORLAW**
105 W. Madison, Suite 1500
Chicago, IL 60602
Tel: (312) 878-4830
Fax: (847) 574-8233
Email: aholtschlag@wfactorlaw.com

{00075450 2}                   11